■ ROBERT E. RICHARD, Respondent, v. KEAL DRIVEAWAY CO. INC. et al., Appellants.— Defendants appeal from a judgment of the Supreme Court entered upon a jury verdict for the plaintiff in a motor vehicle negligence case, and from an order denying a motion to set aside the verdict. Defendants contend that the plaintiff was guilty of contributory negligence as a matter of law, and that the defendants were not negligent. Both in their brief and upon oral argument defendants seek a reversal and dismissal of the complaint and do not urge us to weigh the evidence or grant a new trial. In these circumstances, with the issues thus narrowed, we must view the evidence and any reasonable inference which may be drawn therefrom in the aspect most favorable to the plaintiff. The accident happened in the village of Scotia, New York, on March 1, 1951, at about 5:30 A.M. Defendant Brown was transporting two new truck tractors on behalf of the other defendant. He was driving one tractor and towing the other, which had its front end up on the rear of the first tractor with its rear wheels on the ground in a fashion called " piggy-back ". Plaintiff was driving a loaded tractor-trailer outfit behind Brown. Both were proceeding easterly. There was no other traffic and no other vehicles, parked or moving, were near the accident. Plaintiff was traveling at 20 to 25 miles per hour about 75 feet to the rear of defendants' vehicle, and, upon approaching a traffic light which was green, he closed the gap to about 30 feet. When defendants' vehicle was about at the traffic light, which was suspended near the center of an intersection, the light changed to amber, or caution, and the defendants' vehicle suddenly slowed to a stop or near stop. Plaintiff first applied his brakes, felt his vehicle " quiver ", and seeing no traffic and there being two east-bound lanes, pulled to his left to pass the defendants' vehicle. He cleared the rear vehicle, but, he testified, the front of defendants' forward tractor turned to its left suddenly and without warning, the plaintiff collided with defendants' front tractor just back of the cab. The traffic light was still on " caution " as the collision occurred. Plaintiff's vehicle then " jackknifed " and he was thrown out and sustained serious injuries. There is some dispute as to the exact spot where Brown's stopping operation happened as the light changed from

green to amber; as to what portion of the defendants' two vehicle hook-up was first struck, and as to the sudden movement of defendants' front tractor. Otherwise, the facts, as briefly outlined above, are virtually undisputed. Only the two drivers were eye witnesses to the accident at this early morning hour. Upon this record, we may not say as a matter of law, that the jury could not accept the plaintiff's version. Nor may we say, as a matter of law, that the jury was bound to find that the plaintiff violated any statute which was a proximate cause of the accident. Judgment and order unanimously affirmed, with costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.